**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ADOLFO HERNANDEZ,** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | **CASE NO. 5:23-cv-69** |
| **v.** | § | *(Jury requested)* |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| *Defendant.* | § | |

## <u>DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)</u>

PLEASE TAKE NOTICE that Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ("Allstate"), hereby file this Notice of Removal of Action Under 28 U.S.C. § 1441(a) to remove to this Court the state court action described below:

### <u>BACKGROUND</u>

1.  Plaintiff is Adolfo Hernandez, a citizen of Texas residing in Webb County, Texas.[1]

2.  Defendant Allstate is a citizen of Illinois.[2]  Defendant Allstate is an Illinois corporation with its principal place of business in Illinois.[3]

3.  On or about June 6, 2023 the state action was filed in the 406th Judicial District Court, Webb County, Texas under Cause 2023CVK000820D4; *ADOLFO HERNANDEZ V. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY.* [4]  Defendant Allstate was served with Plaintiff's Original Petition on June 13, 2023.[5]  Defendant Allstate answered on June 29, 2023.[6]  Defendant

---

[1] *See* Plaintiff's Original Petition, attached as Exhibit A.
[2] *See* Unsworn Declaration of Sonia Adee, attached as Exhibit B.
[3] *See Id.*
[4] *See* Plaintiff's Original Petition, attached as Exhibit A.
[5] *See Id.*
[6] *See* Defendants' Original Answer, attached as Exhibit C.

Allstate files this Notice of Removal within thirty days of Defendant Allstate receiving notice of Plaintiff's initial state court proceeding, as required by 28 U.S.C. § 1446 (b).

4.      Plaintiff's Original Petition affirmatively asserts that "seek monetary relief over $250,000.00 but not more than $1,000,000.00".[7]  Therefore, this Court has jurisdiction.[8]

5.      Defendant has attached the required state court documents pursuant to 28 U.S.C. § 1446 (a).

6.      As for venue, venue is proper in this District, the Southern District of Texas, Laredo Division, under 28 U.S.C. § 1441 (a) and 28 U.S.C. § 1446 (a) because this District and Division embrace the place where the removed action is pending.

7.      Defendant will promptly file a copy of this Notice of Removal with the Clerk of the state court where the action is pending.  Defendant made a demand for trial by jury in the state court action.

## BASIS FOR REMOVAL

9.      The Federal Court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between... citizens of different States."[9]  As set forth, this Court has original jurisdiction over this civil action pursuant 28 U.S.C. § 1332 and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a) because:

    a.      It is a civil action between a citizen of a State (Texas) and a corporation of (principal place of business) and citizens of a different State (Illinois); and

    b.      It is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.[10]

---

[7] *See* Plaintiff's Original Petition, Section III, attached as Exhibit A.
[8] *See* 28 U.S.C. § 1332 and § 1441.
[9] 28 U.S.C. § 1332(a)(1); *see e.g., Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000).
[10] *See* Plaintiff's Original Petition, attached as Exhibit A.

### A. Diversity of Citizenship

10.    A civil case filed in state court may be removed by the defendant to Federal Court if the case could have been brought originally in Federal Court.[11]  Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.[12]  Plaintiff's original petition identifies Plaintiff as a citizen of the State of Texas.[13] Defendant Allstate is a citizen of Illinois as it maintains its principal place of business in Illinois.[14]  Therefore, there is complete diversity of citizenship between Plaintiff and Defendant.

### B. Amount in Controversy

11.    Removal is proper when there is complete diversity of citizenship between the true parties to the lawsuit and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest.[15]

12.    In *De Aguilar v. Boeing Co*.,[16] the United States Fifth Circuit Court of Appeals held that when a defendant removes such a case, the defendant then has the burden to prove that the amount in controversy exceeds the jurisdictional amount.[17]  The *De Aguilar* Court went on to hold that to remand to state court, the plaintiff must establish as a matter of law that, if successful, it would not be able to recover more than the jurisdictional amount.[18]

13.    In determining whether the amount in controversy exceeds $75,000, courts must consider the full litany of damages that a plaintiff is seeking, including statutory and punitive damages.[19]  Specifically, the court must consider penalties, statutory damages, and punitive

---

[11] 28 U.S.C. § 1332(a).
[12] 28 U.S.C. § 1332; *see e.g., Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1359 (11th Cir.1996) (abrogated on other ground by *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1076 (11th Cir. 2000) (overruling *Tapscott* on the issue of calculating the amount in controversy in class action suits).
[13] *See* Plaintiff's Original Petition, attached as Exhibit A.
[14] *See* Unsworn Declaration of SONIA ADEE, attached as Exhibit B.
[15] 28 U.S.C. § 1332(a).
[16] 47 F.3d 1404 (5th Cir.1995).
[17] *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1411 (5th Cir.1995).
[18] *Id*.
[19] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–55 (5th Cir. 1998).

damages in calculating the amount in controversy.[20]

14.     As applied here, Defendant can meet its burden to prove that the amount in controversy in this case exceeds the federal jurisdictional requirement of $75,000 based on the language of Plaintiff's Original Petition.[21]   As discussed above, Plaintiff's Original Petition affirmatively asserts that she is seeking damages in excess of $250,000.[22]  Therefore, the evidence is sufficient for Defendant to meet its burden to prove the amount in controversy removal requirement of $75,000.

## CONCLUSION

15.     Based on diversity of citizenship and satisfaction of the amount in controversy requirement, removal to Federal Court is proper.[23]   Plaintiff is a citizen of the State of Texas and Defendant is not a citizen of the State of Texas.  Diversity of citizenship is clear from the pleadings and evidence.

WHEREFORE PREMISES CONSIDERED, based on the Petition, evidence and the diverse citizenships of the proper parties, this Court therefore has original jurisdiction of this action under 28 U.S.C. § 1332 and removal of the action to this Court is proper under 28 U.S.C. § 1441(a).

---

[20] *Id.*
[21] *See* Plaintiff's Original Petition, attached as Exhibit A.
[22] *Id.*
[23] 28 U.S.C. § 1332(a); *Darden*, 200 F.3d at 755.

Respectfully submitted,


By:   /s/ Gregory J. Peterson
        GREGORY J. PETERSON
        "Attorney in Charge"
        Federal ID No. 996381
        State Bar No. 24057580
        GOLDMAN & PETERSON, PLLC
        10100 Reunion Place, Suite 800
        San Antonio, Texas 78216
        Telephone:    (210) 340-9800
        Facsimile:    (210) 340-9888


ATTORNEY FOR DEFENDANT ALLSTATE
FIRE AND CASUALTY INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this 11th day of July, 2023.

**Via E-Service**
Mr. Joseph Monahan
Ms. Lucia M Ceaser
LAW OFFICES OF JOSEPH MONAHAN
2344 Laguna de Mar Court, Suite 205
Laredo, Texas 78045

By:   s/ Gregory J. Peterson
        GREGORY J. PETERSON

**EXHIBIT A**

Wolters Kluwer

## Service of Process Transmittal Summary

**TO:**    Shelley Wisniewski, Lead Consultant
ALLSTATE INSURANCE COMPANY
100 E PALATINE RD STE 201
WHEELING, IL 60090-6528

**RE:**    **Process Served in Texas**

**FOR:**    Allstate Fire and Casualty Insurance Company  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ADOLFO HERNANDEZ vs. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition, Notice |
| **COURT/AGENCY:** | 406th Judicial District Court Webb County, TX<br>Case # 2023CVK000820D4 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 06/16/2023 postmarked on 06/13/2023 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or before 10:00 a.m. of the Monday next after the expiration of 20 days after the date of service thereof (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Lucia M. Ceaser<br>Law Offices of Joseph Monahan<br>2344 Laguna del Mar Court<br>Suite 205<br>Laredo, TX 78045<br>956-729-8800 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/16/2023, Expected Purge Date: 06/21/2023<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT



**CT Corporation**
**Service of Process Notification**
06/16/2023
CT Log Number 544089469

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**CERTIFIED MAIL®**

Martin H Vacca
101 Yellowstone Lake Dr
Laredo TX 78041





7020 3160 0000 1354 1151

RDC 99

75201

U.S. POSTAGE PAID
FCM LETTER
LAREDO, TX
78040
JUN 13, 23
AMOUNT

**$8.37**

R2304N117017-22

ALLSTATE Fire & CASualty Insurance Co.
c/o C.T. Corporation Systems
1999 Bryan ST #900
Dallas TX 75201

75201-428499

SERVE
2023CVK000820D4

## CITATION

THE STATE OF TEXAS

COUNTY OF WEBB                          **COURT DATE 09/19/2023@2:00PM**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG"

**TO:  ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY BY SERVING CT CORPORATION SYSTEM AT :**
**1999 Bryan St Ste 900**
**Dallas TX  75201**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 406th District Court** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2023CVK000820D4, styled:

**ADOLFO HERNANDEZ, PLAINTIFF**
**VS.**
**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, DEFENDANT**

Said Plaintiff's Petition was filed on 06/06/2023 in said court by:

**LUCIA M CEASER, ATTORNEY FOR PLAINTIFF**
**324 W UNIVERSITY DR**
**EDINBURG TX  78039**

**WITNESS ESTHER DEGOLLADO**, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 7th day of June, 2023.

C L E R K   O F   C O U R T

Mailed By MV
PPS1257
6-13-23

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____
Esmeralda Alvarado

2023CVK000820D4

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2023 at
_____ O'CLOCK _____.M. Executed at
_____, within the COUNTY of _____
at _____ O'CLOCK _____.M. on the _____ day of
_____, 2023, by delivering to the within named
**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,** each, in person, a
true copy of this citation together with the accompanying copy
of the petition, having first attached such copy of such
petition to such copy of citation and endorsed on such copy of
citation the date of delivery.

The distance actually travelled by me in serving such process
was _____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB     }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly
sworn, upon oath said that a notice, of which the above is a
true copy, was by him/her delivered to
_____ on the
_____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of
_____, _____, to certify which witness my hand and
seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES

_____

Filed
6/6/2023 9:48 AM
Esther Degollado
District Clerk
Webb District
Esmeralda Alvarado
2023CVK000820D4

2023CVK000820D4

CAUSE NO. _____

| | |
|---|---|
| **ADOLFO HERNANDEZ** | **IN THE DISTRICT COURT** |
| **VS.** | |
| | **_____ JUDICIAL DISTRICT** |
| **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** | **WEBB COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, ADOLFO HERNANDEZ, files this Plaintiff's Original Petition, complaining of Defendant Allstate Fire and Casualty Insurance Company, hereinafter "Allstate." For cause of action, Plaintiff would show the Honorable Court as follows:

### I.

### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery pursuant to a level three discovery control plan.

### II.

### PARTIES

Plaintiff ADOLFO HERNANDEZ is an individual residing in Texas.

Defendant Allstate Fire and Casualty Insurance Company is an insurance company, which may be served through its agent for service: CT Corporation System, 1999 Bryan St. Ste 900, Dallas, Texas 75201.

### III.

### STATEMENT OF RELIEF SOUGHT

Plaintiff seeks to recover monetary relief of over $250,000.00 but not more than $1,000,000.00 as provided by Tex. R. civ. P. 47(c). The damages sought are within the

jurisdictional limits of the court.

## IV.

## VENUE

Venue is proper in WEBB County because all, or a substantial part, of the events or omissions giving rise to this claim occurred in the county.  Texas Civ. Prac. & Rem. Code § 15.002(a)(1).

## V.

## FACTS

On or about, January 17, 2020, Estefania Magallanes, an uninsured driver, failed to yield the right of way at traffic stop and struck Plaintiff's vehicle at or near the intersection of Lyon St. and Malinche Ave. in Laredo, Texas.   As a result of this collision, Plaintiff sustained serious injuries and damages.

At all relevant times, Plaintiff, ADOLFO HERNANDEZ, was insured under an automobile insurance policy with Defendant Allstate Fire and Casualty Insurance Company which insured Plaintiff in the event that he suffered damages or injuries by the negligence of an uninsured/underinsured motorist.

Plaintiff properly presented a claim to Defendant Allstate Fire and Casualty Insurance Company, but Defendant Allstate has refused to pay the policy benefits to which Plaintiff is entitled.  In this regard, Plaintiff would show that Estefania Magallanes was in fact an uninsured motorist as defined by law and the policy in question.

## VI.

## CAUSES OF ACTION AGAINST ALLSTATE
## FIRE AND CASUALTY INSURANCE COMPANY

Defendant Allstate Fire and Casualty Insurance Company is liable for benefits under the

Uninsured/Underinsured policy.  Specifically, Defendant Allstate was negligent in the following:

1. Breach of contract;

2. Bad faith;

3. Breach of fiduciary duty; and

4. Failure of prompt payment.

Additionally, Plaintiff seeks a declaratory judgment as to: (1) whether the uninsured/underinsured motorist was negligent; and (2) the amount of Plaintiff's damages as a result of the collision.

## VII.

## DAMAGES

Plaintiff seeks to recover the following elements of damages:

1. Medical care, past and future;

2. Lost wages;

3. Physical pain, emotional distress, and mental anguish, past and future; and

4. Physical impairment, past and future.

Plaintiff also seeks to recover prejudgment interest, post-judgment interest, and court costs.  Plaintiff's damages exceed the Court's jurisdictional minimum.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that citation be issued and Defendant Allstate Fire and Casualty Insurance be served, and upon trial on the merits the Court enter judgment for Plaintiff and against Defendant for actual damages, together with prejudgment interest, post-judgment interest, and court costs

Respectfully submitted,

Law Offices of Joseph Monahan
2344 Laguna del Mar Court
Suite 205
Laredo, Texas 78045
Tel. (956) 729-8800
Fax. (866) 791-9766

By: /s/ Lucia M. Ceaser

Joseph Monahan
Texas Bar No. 00795979
joseph@monahanlaw.org
Lucia M. Ceaser
Texas Bar No. 24074016
Email: lucia@monahanlaw.org

*Attorney for Plaintiff.*



# Oscar J. Hale, Jr.

### State District Judge

406ᵀᴴ Judicial District Court

1110 Victoria St., Suite 402

TELEPHONE NO. (956) 523-4954

FAX NO. (956) 523-5074

June 07, 2023

CAUSE NO.:   2023CVK000820D4

STYLE:   ADOLFO HERNANDEZ
VS
ALLSTATE FIRE AND CASUALTY INSURANCE
COMPANY


Please take NOTICE that this case is set for **CALENDAR CALL** on 09/19/2023
at 2:00 PM at the 406ᵗʰ District Court, 4ᵗʰ Floor, Webb County Justice Center.

All Calendar Call hearings will be in open court and on the record before the Honorable Judge
Oscar J. Hale, Jr. Your presence is MANDATORY unless Counsel for Plaintiff(s) and Defendant(s)
file a Joint Pre-Trial Guideline Order (PTGO) with all counsel signatures on the PTGO.

You may download the PTGO at our website: www.Webbcountytx.gov/DC406th/Forms

Counsel for Plaintiff(s) please note that if you fail to appear your case may be dismissed for lack of
prosecution.

Counsel for Defendant(s) please note that if you fail to appear for calendar call, a pre-trial
guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.


Cruz Maldonado
Civil Court Coordinator

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **ADOLFO HERNANDEZ,** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | **CASE NO.** |
| **v.** | § | *(Jury requested)* |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| *Defendant.* | § | |

<u>**UNSWORN DECLARATION OF SONIA ADEE**</u>

My name is Sonia Adee, my date of birth is November 16, 1979, I am over the age of 21, of sound mind, and capable of making this declaration. My address is 8711 N Freeport Pkwy MS23, Irving, TX 75062.  I declare under penalty of perjury that the facts stated in this declaration are within my personal knowledge and are true and correct.

1.  I am employed by ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and authorized to complete this affidavit on their behalf.

2.  The principal place of business, physical and mailing address for Allstate Fire and Casualty Insurance Company, is 2775 Sanders Rd, Northbrook, IL 60062.

3.  At the time of the subject January 17, 2020 accident, and at the time this action was filed, Allstate Fire and Casualty Insurance Company was a citizen of Illinois, with its principal place of business in Illinois. Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY is an Illinois corporation with its principal place of business in Illinois.

4.  Allstate Fire and Casualty Insurance Company denies the allegations in Plaintiff's Original Petition as to its citizenship and denies that at the time of the subject accident or now, that its principal place of business is in Texas.

_____
Sonia Adee, Declarant

**EXHIBIT C**

H:/ljg/231003510/answer

Filed
6/29/2023 7:35 AM
Esther Degollado
District Clerk
Webb District
Laura L. Renteria
2023CVK000820D4

## CAUSE NO. 2023CVK000820D4

| | | |
|---|---|---|
| **ADOLFO HERNANDEZ,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **406TH JUDICIAL DISTRICT** |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendant.* | § | **WEBB COUNTY, TEXAS** |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, Defendant in the above entitled and numbered cause, and files this, their Answer to Plaintiff's Original Petition, and would state to the Court as follows:

I.

Defendant enters their general denial as permitted by Rule 92, Texas Rules of Civil Procedure, and demands strict proof of Plaintiff's allegations.

II.

Defendant intends to comply with the terms and conditions of the policy sued on and agree to pay to Plaintiff the uninsured/underinsured motorist benefits which Plaintiff is legally entitled to recover as determined by the Court and Jury. Defendant specifically does not agree to waive any right they have under the policy of insurance sued on herein and insists on its rights as contained in said policy, including the conditions and exclusions contained therein.

III.

Pursuant to TEX. R. CIV. P. 94, Defendants assert "Limit of Liability" as an affirmative defense. Defendant's liability is limited to the amount of uninsured/underinsured motorist coverage

purchased by the named insured and reduced by any applicable reduction clauses or pro rata clauses contained in said policy, including the offsets or credits Defendant is entitled to.

IV.

Defendant denies that Plaintiff is legally entitled to UM/UIM benefits until the negligence of the tortfeasor and Plaintiff's damages are established by a judgment.

V.

Further, Defendant asserts that it is entitled to any offset for any payments paid to Plaintiff by tortfeasor or tortfeasor's policy of insurance.

VI.

Further, Defendant asserts that it is entitled to any offset for any personal injury or protection benefits paid under the policy.

VII.

Defendant asserts that Plaintiff is not entitled to attorney fees in this case as there has not yet been a showing of liability or damages entitling Plaintiff to recovery of uninsured/underinsured motorist benefits.

VIII.

Defendant would show that Plaintiff's claim for attorney's fees has not been shown to be both reasonably incurred and necessary to the prosecution of the case. Plaintiff/Plaintiff's attorney has not demonstrated the time and labor required, the novelty and difficulty of the questions involved, the skill required to perform the legal service properly; the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; the fee customarily charged in the locality for similar legal services; the amount involved and the results obtained; the time limitations imposed by the client or by the circumstances; the nature and

length of the professional relationship with the client; the experience, reputation, and ability of the lawyer or lawyers performing the services; and whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

IX.

Defendant asserts that Plaintiff is not entitled to pre-judgment interest or any other damages beyond the policy limits of uninsured/underinsured motorist coverage under the subject insurance contract.

WHEREFORE PREMISES CONSIDERED, Defendant prays Judgment of the Court that they go hence without day and without cost, and for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

GOLDMAN & PETERSON, PLLC
10100 Reunion Place, Suite 800
San Antonio, Texas 78216
Telephone:    (210) 340-9800
Facsimile:    (210) 340-9888
*Email:      mail@ljglaw.com
**service by email to this address**

By:    _____
GREGORY J. PETERSON
State Bar No. 24057580
Greg@LJGLaw.com
CHRISTOPHER A. MADRID
State Bar No. 24096375
Chris@LJGLaw.com

ATTORNEYS FOR DEFENDANT

3

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this 29th day of June 2023.

***Via E-Service:***
Mr. Joseph Monahan
Ms. Lucia M Ceaser
LAW OFFICES OF JOSEPH MONAHAN
2344 Laguna de Mar Court, Suite 205
Laredo, Texas 78045

_____
GREGORY J. PETERSON
CHRISTOPHER A. MADRID

## **VERIFICATION**

STATE OF TEXAS           §
                                      §
COUNTY OF BEXAR      §

      BEFORE ME, the undersigned Notary Public, on this day personally appeared GREGORY J. PETERSON, who being by me duly sworn upon his oath, deposed and stated that he is the attorney of record for ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, Defendant in the above entitled and numbered cause; that he has read the above Defendant's Answer to Plaintiff's Original Petition; and that the allegations contained therein are within his personal knowledge and are true and correct.

                    _____
                    GREGORY J. PETERSON, Affiant


      SUBSCRIBED AND SWORN TO BEFORE ME, on this the 29th day of June 2023, to certify which witness my hand and official seal.

JULIE SALLEE
Notary Public, State of Texas
Comm. Expires 11-15-2024
Notary ID 195737

                    _____
                    Notary Public, State of Texas

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa Medlin on behalf of Larry Goldman
Bar No. 8093450
lisa@ljglaw.com
Envelope ID: 77074200
Filing Code Description: Answer/Response
Filing Description: DEFENDANT'S ORIGINAL ANSWER
Status as of 6/29/2023 9:13 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Larry J.Goldman | | mail@LJGLaw.com | 6/29/2023 7:35:22 AM | SENT |
| Christopher AMadrid | | Chris@ljglaw.com | 6/29/2023 7:35:22 AM | SENT |
| Joseph Arthur Monahan | 795979 | joseph@monahanlaw.org | 6/29/2023 7:35:22 AM | SENT |
| Lucia MCeaser | | Lucia@MonahanLaw.org | 6/29/2023 7:35:22 AM | SENT |